# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **Randy Scott Decker,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **No. 1:26-cv-00070-ADA-SH** |
| | § | |
| **Chipton-Ross, Inc. and First** | § | |
| **Advantage Corporation,** | § | |
| *Defendants* | § | |
| | § | |

## <u>ORDER</u>

Before the Court are Plaintiff Randy Scott Decker's:

- Complaint, filed January 13, 2026 (Dkt. 1);

- Application to Proceed in District Court Without Prepaying Fees or Costs, filed January 13, 2026 (Dkt. 3);

- Motion for Permission to File Electronically (Dkt. 4), filed January 13, 2026;

- Request for Immediate Ruling Under Rule 64(b)(3), filed January 23, 2027 (Dkt. 14);

- Renewed Emergency Motion to Expedite Consideration and Request to Set Hearing, filed January 27, 2026 (Dkt. 16);

- Renewed Emergency Motion for Temporary Restraining Order, filed January 30, 2026 (Dkt. 17);

- Renewed Emergency Motion for Temporary Restraining Order, filed February 10, 2026 (Dkt. 21); and

- Many amended and supplemental filings and notices.[1]

## I.    Background

Plaintiff sues Defendants Chipton-Ross, Inc. and First Advantage Corporation for violations

of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681x, defamation, negligence,

and tortious interference with prospective business relations. Dkt. 1 ¶¶ 26-50. Plaintiff alleges that

---

[1] The District Court referred to this Magistrate Judge all non-dispositive pretrial matters for disposition and all case-dispositive motions for findings and recommendations, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. Dkt. 12.

First Advantage violated the FCRA by furnishing a consumer report that included false information without taking reasonable measures to ensure its accuracy or reinvestigate after Plaintiff disputed its accuracy. *Id.* ¶¶ 26-33. He alleges that Chipton-Ross violated the FCRA by taking adverse employment action based on the report before making proper disclosures to Plaintiff. *Id.* ¶¶ 34-38. Plaintiff also alleges that the false statements defamed him, Defendants were negligent in publishing and using the false information, and Defendants knowingly interfered with his prospective employment opportunity. *Id.* ¶¶ 39-50.

## II.    Application to Proceed *In Forma Pauperis*

Plaintiff moves to proceed *in forma pauperis and* seeks leave under 28 U.S.C. § 1915(a)(1) to file his Complaint without prepaying the filing fee or costs. Dkt. 3. Under § 1915(a)(1), a court may permit a plaintiff to file an action "without prepayment of fees or security therefor" if he shows by affidavit that he cannot pay such fees or security. Section 1915(a) "is intended to provide access to federal courts for plaintiffs who lack the financial resources to pay . . . statutory filing costs." *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). In making an *in forma pauperis* determination, a court should consider whether an applicant may pay the filing fee without suffering undue financial hardship. *Id.*

After reviewing Plaintiff's application, the Court finds that he cannot pay the filing fee without experiencing undue financial hardship and **GRANTS** his application to proceed *in forma pauperis*. Plaintiff is advised that *in forma pauperis* status is granted subject to a later determination that this action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Plaintiff also is advised that although he has been granted leave to proceed *in forma pauperis*, the Court may impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

### III.   Application for Permission to File Electronically

Plaintiff asks the Court to approve his request to become an electronic filing user. Because he states that he has regular access to all the technical requirements necessary to e-file, the Court **GRANTS** Plaintiff's Application for Permission to File Electronically (Dkt. 4).

### IV.   Review Under Section 1915(e)(2)(B)

Because Plaintiff has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review his complaint under 28 U.S.C. § 1915(e)(2)(B). A court may summarily dismiss or partly dismiss a complaint filed *in forma pauperis* if it concludes the action is (1) frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. *Id.*

In deciding whether a complaint states a claim, the Court's task is "to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint fails to state a claim under § 1915(e)(2)(B) "when it lacks sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Carmouche v. Hooper*, 77 F.4th 362, 366 (5th Cir. 2023) (quoting *Iqbal*, 556 U.S. at 678).

### A.  FCRA Claims

Plaintiff alleges that First Advantage violated §§ 1681e(b) and 1681i of the FCRA and that Chipton-Ross violated § 1681b(b)(3). Dkt. 1 ¶¶ 26-38.

### 1.  Section 1681e(b)

The FCRA governs consumer reporting agencies ("CRA") that maintain credit information on consumers and provide it to third parties. 15 U.S.C. § 1681-1681x. A CRA is "any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties." 15 U.S.C. § 1681a(f). Plaintiff alleges that First Advantage "regularly assembles, evaluates, and furnishes consumer reports for employment purposes." Dkt. 1 ¶ 10. The Court finds that he has sufficiently alleged that First Advantage is a CRA as defined by the FCRA.

Section 1681e(b) provides: "Whenever a [CRA] prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information." It is the plaintiff's burden to show that an inaccuracy in a consumer report resulted from "a negligent or willful failure to use reasonable procedures." *Sepulvado v. CSC Credit Servs., Inc.*, 158 F.3d 890, 895 (5th Cir. 1998). A consumer report entry is "inaccurate" under the FCRA if it is "patently incorrect" or "facially misleading." *Id.* at 895-96. The adequacy of a CRA's procedures is judged by "what a reasonably prudent person would do under the circumstances." *Hammer v. Equifax Info. Servs., L.L.C.*, 974 F.3d 564, 568 (5th Cir. 2020) (citation omitted). A plaintiff also must show that the reporting agency released the report. *Washington v. CSC Credit Servs. Inc.*, 199 F.3d 263, 267 (5th Cir. 2000).

Plaintiff alleges that First Advantage stated in its consumer report that he "is currently a registered sex offender" although the relevant indictment was dismissed with prejudice. Dkt. 1 ¶¶ 15-18, 27. The Court finds that the information published was "patently inaccurate." *Sepulvado*, 158 F.3d at 895. Plaintiff also alleges that First Advantage failed to follow reasonable procedures

to assure maximum possible accuracy. *Id.* ¶ 28. He does not allege how First Advantage's failure to use reasonable procedures was negligent or willful, but the Court finds that Plaintiff's reference to public court docket entries showing the indictment was dismissed supports a reasonable inference of negligence. *Id.* ¶ 12. *See Potter v. GreenSky*, *LLC*, No. 5:19-CV-00581-JKP, 2019 WL 5295494, at *2 (W.D. Tex. Oct. 18, 2019) (finding that plaintiff sufficiently alleged a violation of § 1681e(b) based on allegations that defendant failed to verify the accuracy of information it reported). Plaintiff also alleges that First Advantage's consumer report was "issued and transmitted" to Chipton-Ross. Dkt. 1 ¶ 3. This Magistrate Judge finds that Plaintiff's allegations are sufficient to avoid recommending dismissal of his § 1681e(b) claim for frivolousness.

## 2.  Section 1681i

Claims brought under 1681i require the existence of an inaccuracy in the consumer report. *Morris v. Trans Union LLC*, 420 F. Supp. 2d 733, 751 (S.D. Tex. 2006), *aff'd*, 224 F. App'x 415 (5th Cir. 2007). Under § 1681i, if a consumer disputes the completeness or accuracy of any item in his file, a CRA must "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file." 15 U.S.C. § 1681i(a)(1)(A). In conducting the reinvestigation, the agency must "review and consider all relevant information submitted by the consumer." *Id.* § 1681i(a)(4).

Plaintiff alleges that he disputed the accuracy of information in his consumer report and provided supporting documents, but First Advantage failed to mark the entries as disputed, conduct a reasonable reinvestigation, or correct inaccuracies. Dkt. 1 ¶ 4, 32. Plaintiff also alleges that First Advantage refused to consider documents submitted with his dispute. *Id.* ¶ 21. Plaintiff's allegation that First Advantage's report that he "is currently a registered sex offender" despite the indictment having been dismissed with prejudice is sufficient to allege an inaccuracy in the consumer report.

*Sepulvado*, 158 F.3d at 895. Plaintiff's allegations in support of his § 1681i claim are sufficient to avoid dismissal for frivolousness. *See Shaunfield v. Experian Info. Sols., Inc.*, 991 F. Supp. 2d 786, 797 (N.D. Tex. 2014) (finding that allegations of a refusal to recognize plaintiff's supporting documents and a failure to correct or delete disputed information stated a plausible claim).

### 3. Section 1681b(b)(3)

Plaintiff also alleges that Chipton-Ross violated § 1681b(b)(3), which provides in relevant part:

> [I]n using a consumer report for employment purposes, before taking any adverse action based in whole or in part on the report, the person intending to take such adverse action shall provide to the consumer to whom the report relates: (i) a copy of the report; and (ii) a description in writing of the rights of the consumer under [the FCRA].

Adverse action includes "denial of employment or any other decision for employment purposes that adversely affects any current or prospective employee." *Id.* § 1681a(k)(1)(ii).

Plaintiff alleges that Chipton-Ross paused his onboarding process based on a consumer report but did not "timely provide the required disclosures and/or failed to provide a meaningful opportunity to dispute and correct the report." Dkt. 1 ¶ 2, 37. This Magistrate Judge finds that Plaintiff's allegations are sufficient to state a claim under § 1681b. *See Debeikes v. Frost Bank*, No. 5:25-CV-00373-JKP, 2025 WL 2714126, at *3 (W.D. Tex. Sept. 23, 2025) (finding that allegations of adverse employment action without providing notice, a copy of the report, or a summary of plaintiff rights are sufficient to state a claim).

### B. State Law Claims

Plaintiff also brings claims under Texas common law for defamation per se, negligence, and tortious interference with prospective business relations.

## 1. Defamation Per Se

The FCRA provides:

> [N]o consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against . . . any person who furnishes information to a consumer reporting agency . . . except as to false information furnished with malice or willful intent to injure such consumer.

15 U.S.C. § 1681h(e). Therefore, unless a plaintiff alleges that the defendant acted with malice or reckless disregard for the truth, state tort claims are preempted by the FCRA. *Shaunfield*, 991 F. Supp. 2d at 800, 802; *Meisel v. USA Shade & Fabric Structures Inc.*, 795 F. Supp. 2d 481, 488 (N.D. Tex. 2011).

Under Texas law, "[d]efamation is a false statement about a person, published to a third party, without legal excuse, which damages the person's reputation." *Fiber Sys. Int'l, Inc. v. Roehrs*, 470 F.3d 1150, 1161 (5th Cir. 2006) (citing *Moore v. Waldrop*, 166 S.W.3d 380, 384 (Tex. App. — Waco 2005, no pet.)). Defamation per se involves words that are "so obviously hurtful that they require no proof that they caused injury in order for them to be actionable." *Id.* (quoting *Columbia Valley Reg'l Med. Ctr. v. Bannert*, 112 S.W.3d 193, 199 (Tex. App.—Corpus Christi 2003, no pet.)). Statements regarding false imputation of a crime are defamatory per se. *Id.*

Plaintiff asserts a defamation per se claim regarding First Advantage's statement that he is a registered sex offender. Dkt. 1 ¶ 41. He also alleges that by publishing that statement after receiving Plaintiff's dispute and supporting documents, First Advantage acted with reckless disregard for the truth. *Id.* The Court finds that Plaintiff has sufficiently alleged a plausible claim of defamation per se that is not preempted by the FCRA.

## 2. Defamation

Plaintiff also alleges that Defendants defamed him by publishing "false statements to third parties." Dkt. 1 ¶ 40. The Court construes this as referring to the other alleged inaccuracies in First

7

Advantage's credit report, including a felony guilty plea/probation and "managed adverse action." *Id.* ¶¶ 15-16. Plaintiff alleges that First Advantage acted with reckless disregard because he offered documentation disputing that he was a registered sex offender, but that documentation does not relate to these other statements. Plaintiff alleges no other facts to showing that these statements were made with malice or reckless disregard for the truth. This Magistrate Judge finds that his defamation claim is preempted by the FCRA.

### 3. Negligence

Plaintiff also alleges that Defendants owed him a duty of reasonable care, but "breached that duty by failing to verify accuracy, refusing to consider sworn and certified documentation, and proceedings with adverse action while disputed data remained in circulation." Dkt. 1 ¶¶ 44-45. Because he does not allege that First Advantage acted with malice or reckless disregard, Plaintiff's negligence claim is preempted by the FCRA.

### 4. Tortious Interference with Prospective Business Relations

To state a claim for tortious interference with prospective business relations, the plaintiff must allege: (1) there was a reasonable probability that the plaintiff would have entered into a business relationship with a third party; (2) the defendant either acted with a conscious desire to prevent the relationship from occurring or knew the interference was certain or substantially certain to occur because of the conduct; (3) the defendant's conduct was independently tortious or unlawful; (4) the interference proximately caused the plaintiff injury; and (5) the plaintiff suffered actual damage or loss as a result. *Coinmach Corp. v. Aspenwood Apartment Corp.*, 417 S.W.3d 909, 923 (Tex. 2013).

Plaintiff asserts this claim against both Defendants, but his allegations pertain only to First Advantage, and he makes only conclusory allegations that First Advantage "knowingly interfered"

8

with his prospective employment relationship. Dkt. 1 ¶ 49. This bare assertion is insufficient to plausibly allege that First Advantage had a conscious desire to interfere or was substantially certain that interference would result from their conduct. *See Hoffman v. L & M Arts*, 774 F. Supp. 2d 826, 846 (N.D. Tex. 2011*) (*finding that bare assertions of knowledge and intent were insufficient to state a plausible claim).

### 5.  Conclusion as to State Law Claims

For these reasons, this Magistrate Judge recommends that the District Court dismiss Plaintiff's defamation, negligence, and tortious interference claims under 28 U.S.C. § 1915(e)(2)(B), but not his claim for defamation per se.

### V.    Motions for Temporary Restraining Order

Plaintiff asks the Court to issue a temporary restraining order ("TRO") enjoining dissemination or furnishing of the disputed items and reliance on disputed items for adverse employment decisions and ordering preservation of evidence and expedited reinvestigation. Dkt. 21 at 1-2. He argues that irreparable harm will occur if Defendants continue to publish and rely upon the consumer report at issue. *Id.* at 1.

Because Plaintiff refiled his Renewed Emergency Motion for Temporary Restraining Order (Dkt. 21), this Magistrate Judge recommends that the District Court deny his first Renewed Motion (Dkt. 17) as moot.

The purpose of a TRO is to preserve the status quo and prevent irreparable harm until the Court can conduct a preliminary injunction hearing. *Canal Auth. of the State of Florida v. Callaway*, 489 F.2d 567, 576 (5th Cir. 1974). A temporary restraining order is an "extraordinary and drastic remedy not to be granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion." *Sw. Airlines Co. v. City of San Antonio*, 752 F. Supp. 3d 635, 642-43

9

(W.D. Tex. 2024). Rule 65(b)(1) provides that a court may issue a TRO without written or oral notice to the adverse party or its attorney only if (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition, and (B) the movant certifies in writing any efforts made to give notice and the reasons why it should not be required.

The FCRA "vested the power to obtain injunctive relief solely with the FTC." *Washington v. CSC Credit Servs. Inc.*, 199 F.3d 263, 268 (5th Cir. 2000). Plaintiff, a private litigant, cannot seek injunctive relief under the FCRA; his only remedy is monetary relief. *Id.* Therefore, he cannot show an immediate and irreparable injury, loss, or damage. "In general, a harm is irreparable where there is no adequate remedy at law, such as monetary damages." *SO Apartments, L.L.C. v. City of San Antonio*, 109 F.4th 343, 353 (5th Cir. 2024)). In his defamation per se claim, Plaintiff alleges that Defendants caused reputational damage, humiliation, emotional distress, and economic harm. Dkt. 1 ¶ 42. Under Texas law, a plaintiff can recover for non-economic losses, such as loss of reputation and mental anguish, as well as specific economic losses. *In re Lipsky*, 460 S.W.3d 579, 593 (Tex. 2015). Because monetary remedies are available for Plaintiff's alleged injuries, this Magistrate Judge recommends that his Renewed Emergency Motion for Temporary Restraining Order (Dkt. 21) be denied.

Finally, Plaintiff asks the Court for expedited review of his TRO motions. Dkt. 14; Dkt. 16. Plaintiff cites Rule 65(b)(3), which states that if a temporary restraining order is issued without notice, "the motion for a preliminary injunction must be set for hearing at the earliest possible time." Because this Magistrate Judge recommends against issuing a TRO, Plaintiff's motions for expedited review also are denied.

## VI.    Order

In sum, the Court:

- **GRANTS** Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Dkt. 3) and **ORDERS** Plaintiff's Complaint to be filed without prepayment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a)(1);

- **ORDERS** the Clerk to issue summons;

- **ORDERS** the United States Marshals Service to attempt service in this case without pre-payment of a service fee;

- **GRANTS** Plaintiff's Moton for Permission to File Electronically (Dkt. 4); and

- **DENIES** Plaintiff's Motions for Expedited Review (Dkt. 14; Dkt. 16).

## VII.    Recommendation

This Magistrate Judge **RECOMMENDS** that the District Court dismiss Plaintiff's defamation and negligence claims as preempted by the FCRA and dismiss his tortious interference claim for failure to state a claim. If the District Court accepts this Magistrate Judge's recommendation, Plaintiff's FCRA and defamation per se claims will remain.

The Court further **RECOMMENDS** that the District Court deny Plaintiff's first Renewed Emergency Motion for Temporary Restraining Order (Dkt. 17) as moot and his second Renewed Emergency Motion for Temporary Restraining Order (Dkt. 21) for failure to show irreparable injury.

## VIII.    Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S.*

11

*Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on March 20, 2026.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE