**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| RANDY SCOTT DECKER, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | Case No. 1:26-cv-00070-ADA-SH |
| | § | |
| CHIPTON-ROSS, INC. and FIRST | § | |
| ADVANTAGE CORPORATION, | § | |
| | § | |
| Defendants. | § | |
| | § | |

**DEFENDANT FIRST ADVANTAGE CORPORATION'S ANSWER AND
AFFIRMATIVE AND OTHER DEFENSES TO PLAINTIFF'S FIRST AMENDED
COMPLAINT**

Defendant FIRST ADVANTAGE CORPORATION, by its attorneys and pursuant to

Rules 8 and 12 of the Federal Rules of Civil Procedure, hereby answers Plaintiff's First

Amended Complaint and asserts its affirmative and other defenses as follows:

## I. INTRODUCTION

**COMPLAINT ¶1:**

Plaintiff Randy Scott Decker ("Plaintiff"), proceeding pro se, files this First Amended
Complaint against Defendants Chipton-Ross, Inc. ("Chipton-Ross") and First Advantage
Corporation ("First Advantage") for violations of the Fair Credit Reporting Act ("FCRA"), 15
U.S.C. § 1681 et seq., and related Texas-law claims arising from the creation, use, and
dissemination of materially inaccurate and misleading employment-screening information and
the failure, after dispute notice, to timely correct, delete, or properly flag disputed information.
Plaintiff alleges Defendants' statutory violations invaded protected interests in privacy,
reputation, and property (earned wages and ongoing business operations), which Congress
sought to protect through the FCRA's accuracy, fairness, and privacy requirements.

**ANSWER:**

First Advantage admits that Plaintiff asserts claims under the Fair Credit Reporting Act,

15 U.S.C. § 1681 *et seq.* ("FCRA") and Texas law.  First Advantage denies that it violated the

FCRA or Texas law, and further denies that Plaintiff is entitled to any relief whatsoever.  First

Advantage denies the remaining allegations in Paragraph No. 1 of the First Amended Complaint.

## COMPLAINT ¶2:

The principal inaccuracy is a present-tense implication that Plaintiff "is currently a registered sex offender in the state of AZ," which Plaintiff alleges is materially false and/or misleading and was used in connection with an employment background screening tied to a concrete Boeing opportunity.

## ANSWER:

First Advantage denies the allegations in Paragraph No. 2 of the First Amended

Complaint.

## COMPLAINT ¶3:

Plaintiff provided Defendants sworn and documentary support disputing the key adverse items, including a certified Arizona Superior Court Minute Entry dismissing with prejudice a failure-to-register indictment (Exhibit A) and a sworn, notarized affidavit explaining Plaintiff's historical UniTesTTm activity (1991-1995) and why traditional W-2/1099 records do not exist for that remote period (Exhibit B).

## ANSWER:

First Advantage admits that Plaintiff disputed information in a background report that one

of First Advantage's subsidiaries, Sterling Infosystems, Inc., prepared for Chipton-Ross Staffing,

Inc. and provided documents in support of his dispute.  First Advantage denies the remaining

allegations in Paragraph No. 3 of the First Amended Complaint.

## COMPLAINT ¶4:

Despite notice, Defendants allowed adverse action to proceed, failed to conduct and document a reasonable reinvestigation, failed to correct or delete inaccurate information, and failed to provide Plaintiff the full and meaningful pre-adverse action disclosures required by 15 U.S.C. § 168 1 b(b)(3).

## ANSWER:

First Advantage denies the allegations in Paragraph No. 4 of the First Amended

Complaint.

## II.  JURISDICTION AND VENUE

**COMPLAINT ¶5:**

This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff asserts claims under the FCRA, 15 U.S.C. § 1681 et seq.

**ANSWER:**

First Advantage admits that the Court has original jurisdiction of this action under 28

U.S.C. § 1331.  First Advantage  denies the remaining allegations in Paragraph No. 5 of the First

Amended Complaint.

**COMPLAINT ¶6:**

This Court has supplemental jurisdiction over Plaintiff's Texas-law claims under 28 U.S.C. § 1367.

**ANSWER:**

First Advantage admits the allegations in Paragraph No. 6 of the First Amended

Complaint.

**COMPLAINT ¶7:**

Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to the claims occurred in this District, including receipt of the consumer report and dispute communications, and because the resulting injuries (loss of income, business destabilization, and housing instability) are being felt in this District.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 7 of the First Amended

Complaint.

## III.  SELECTED GOVERNING AUTHORITY (NON-EXHAUSTIVE)

**COMPLAINT ¶8:**

Plaintiff pleads this case consistent with controlling authority, including:

FCRA purposes (accuracy/fairness): Congress required "reasonable procedures ... in a manner which is fair and equitable." 15 U.S.C. § 1681(b).

FCRA privacy interest: consumer reports must be used with "fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. § 1681(a)(4).

Concrete injury principle: "intangible injuries can nevertheless be concrete." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 340 (2016).

Standing rule: "No concrete harm, no standing." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021).

State-action context (for clarity): constitutional claims typically require government action; this pleading asserts statutory (FCRA) and Texas-law claims against private Defendants.

FCRA accuracy duty (CRA): "...assure maximum possible accuracy..." 15 U.S.C. § 1681e(b) (quoted in *Cousin v. Trans Union Corp.*, 246 F.3d 359 (5th Cir. 2001)).

Fifth Circuit inaccuracy standard: "inaccurate ... either because it is patently incorrect, or because it is misleading ... expected to adversely affect" decisions. *Sepulvado v. CSC Credit Servs., Inc.*, 158 F.3d 890, 895 (5th Cir. 1998).

Willfulness (reckless disregard): "a company ... does not act in reckless disregard ... unless ... ran a risk of violating the law substantially greater than ... merely careless." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 69-70 (2007).

Concrete injury and dissemination: "No concrete harm, no standing." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021).

Texas interference standard: a plaintiff must prove the defendant's conduct was "independently tortious or unlawful." *Wal-Mart Stores, Inc. v. Sturges*, 52 S.W.3d 711, 726 (Tex. 2001).

## ANSWER:

First Advantage denies the allegations in Paragraph No. 8 of the First Amended Complaint.

## IV.  PARTIES

## COMPLAINT ¶9:

Plaintiff Randy Scott Decker is an adult resident of Leander, Williamson County, Texas.

**ANSWER:**

First Advantage lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph No. 9 of the First Amended Complaint.

**COMPLAINT ¶10:**

Defendant First Advantage Corporation is a "consumer reporting agency" within the meaning of 15 U.S.C. § 1681a(f) and regularly assembles, evaluates, and furnishes consumer reports for employment purposes.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 10 of the First Amended

Complaint.

**COMPLAINT ¶11:**

Defendant Chipton-Ross, Inc. is a staffing/onboarding/user of consumer reports for employment purposes and, upon information and belief, procured and/or used Plaintiff's consumer report in connection with Plaintiff's Boeing opportunity.

**ANSWER:**

First Advantage lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph No. 11 of the First Amended Complaint.

## V. <u>EXHIBITS INCORPORATED BY REFERENCE</u>

**COMPLAINT ¶12:**

Plaintiff attaches and incorporates by reference the following exhibits (and any supplements filed contemporaneously):

- Exhibit A — Arizona Superior Court (Pima County) Minute Entry, Case No. CR20113016-001 (May 14, 2012; filed May 15, 2012): indictment dismissed with prejudice.

- Exhibit B — Plaintiff's sworn, notarized Affidavit re: UniTesTTM (1991-1995) executed December 27, 2025.

- Exhibit C — First Advantage background report, Order # 1871878404 (includes "Managed Adverse Action" and "CONSIDER" results; completed January 8, 2026).

- Exhibit D — Proof of actual notice to Chipton-Ross (email transmission record and read receipts).

- Exhibit E — Plaintiff's Supplemental Declaration regarding housing instability and prejudice from delay.

- Exhibit F — Texas franchise tax delinquency / entity-status consequences and collateral harm to a non-party business partner/co-tenant (Gemstar USA LLC; assumed name: Quantum Star Productions), to be coupled with invoice/notice.

**ANSWER:**

First Advantage admits that Plaintiff attaches and incorporates exhibits to the First

Amended Complaint.  First Advantage lacks knowledge or information sufficient to form a belief

as to the truth of the remaining allegations in Paragraph No. 12 of the First Amended Complaint.

## VI.  FACTUAL ALLEGATIONS

**A.    Conditional offer and time-sensitive background screening**

**COMPLAINT ¶13:**

Plaintiff received a conditional offer of employment with Boeing with a scheduled start date of January 12, 2026, contingent upon successful completion of background screening and employment verification.

**ANSWER:**

First Advantage lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph No. 13 of the First Amended Complaint.

**COMPLAINT ¶14:**

Defendants participated in the screening/verification process and furnished information to Boeing and/or intermediaries for use in employment and adjudicative decisions.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 14 of the First Amended

Complaint.

**B.** **The First Advantage report includes "CONSIDER" results and impending adverse action**

**COMPLAINT ¶15:**

First Advantage issued an employment background report for Plaintiff (Order #1871878404) reflecting multiple "CONSIDER" results and initiating "Managed Adverse Action," with an expected completion date of January 15, 2026 (Exhibit C).

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 15 of the First Amended

Complaint.

**COMPLAINT ¶16:**

The report's "DOJ Sex Offender Search — CONSIDER" item stated in present tense that Plaintiff is currently a registered sex offender in Arizona (Exhibit C). Plaintiff alleges this statement is patently incorrect or materially misleading.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 16 of the First Amended

Complaint.

**COMPLAINT ¶17:**

The report's "Employment Verification — UniTesTTM (1991-1995) — CONSIDER" item reflects that Plaintiff provided documentation which First Advantage deemed "unacceptable," and that First Advantage "does not authenticate candidate provided documents" (Exhibit C).

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 17 of the First Amended

Complaint.

**C.** **Plaintiff's dispute and supporting documentation**

**COMPLAINT ¶18:**

Plaintiff timely disputed the key adverse items and provided documentary support, including Exhibit A and Exhibit B.

**ANSWER:**

First Advantage admits that Plaintiff disputed information in a background report that one of First Advantage's subsidiaries, Sterling Infosystems, Inc., prepared for Chipton-Ross and that he provided documents in support of his dispute, including documents that appear identical to the documents attached as Exhibits A and B to Plaintiff's First Amended Complaint.  First Advantage denies the remaining allegations in Paragraph No. 18 of the First Amended Complaint.

**COMPLAINT ¶19:**

Plaintiff requested correction, deletion, or clear dispute-flagging, and requested that Defendants prevent adverse action while the dispute was pending.

**ANSWER:**

First Advantage admits that Plaintiff disputed information in a background report that one of First Advantage's subsidiaries, Sterling Infosystems, Inc., prepared for Chipton-Ross and that he asked that the disputed information be "remove[d] or correct[ed]."  First Advantage denies the remaining allegations in Paragraph No. 19 of the First Amended Complaint.

**D.    Actual notice to Chipton-Ross**

**COMPLAINT ¶20:**

Plaintiff transmitted courtesy copies of emergency filings and supporting materials to Chipton-Ross's legal department and identified contacts; Chipton-Ross recipients opened the transmissions and generated read receipts confirming actual notice (Exhibit D).

**ANSWER:**

First Advantage lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 20 of the First Amended Complaint.

**E.    Ongoing harm (employment, housing, and business continuity)**

**COMPLAINT ¶21:**

Plaintiff alleges that but for Defendants' continued reliance on disputed report items and failure to correct/flag them, Plaintiff would have begun work January 12, 2026 and earned approximately $99,798.40 on an annualized basis based on the written compensation structure already presented in this case.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 21 of the First Amended

Complaint.

**COMPLAINT ¶22:**

Plaintiff alleges ongoing loss of income has placed Plaintiff at risk of housing loss and homelessness, as set forth in Plaintiff's declarations and supplements (Exhibit E).

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 22 of the First Amended

Complaint.

**COMPLAINT ¶23:**

Plaintiff further alleges that income loss has destabilized Plaintiff's small business compliance obligations, creating imminent risk of franchise tax delinquency and forfeiture-related impairment of the entity's ability to transact business, with foreseeable collateral harm to a non-party business partner/co-tenant (Exhibit F).

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 23 of the First Amended

Complaint.

## VII.  CAUSES OF ACTION

### COUNT I — FCRA: Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy (15 U.S.C. § 1681e(b))

**COMPLAINT ¶24:**

Plaintiff realleges and incorporates paragraphs 1-23.

**ANSWER:**

First Advantage restates its answers to Paragraph Nos. 1 through 23 of the First Amended

Complaint as its answer to Paragraph No. 24 of the First Amended Complaint.

**COMPLAINT ¶25:**

First Advantage prepared and furnished a consumer report for employment purposes that included materially inaccurate and/or misleading information, including the present-tense "registered sex offender" designation (Exhibit C).

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 25 of the First Amended

Complaint.

**COMPLAINT ¶26:**

First Advantage failed to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff, in violation of 15 U.S.C. § 1681e(b).

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 26 of the First Amended

Complaint.

**COMPLAINT ¶27:**

Plaintiff suffered damages as a direct and proximate result, including loss of employment opportunity, reputational harm, emotional distress, and economic losses.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 27 of the First Amended

Complaint.

### COUNT II — FCRA: Failure to Conduct Reasonable Reinvestigation and Correct/Delete Inaccurate Information (15 U.S.C. § 1681i)

**COMPLAINT ¶28:**

Plaintiff realleges and incorporates paragraphs 1-23.

**ANSWER:**

First Advantage restates its answers to Paragraph Nos. 1 through 23 of the First Amended

Complaint as its answer to Paragraph No. 28 of the First Amended Complaint.

**COMPLAINT ¶29:**

Plaintiff notified Defendants of disputed items and provided relevant supporting documentation, including Exhibit A and Exhibit B.

**ANSWER:**

First Advantage admits that Plaintiff disputed information in a background report that one

of First Advantage's subsidiaries, Sterling Infosystems, Inc., prepared for Chipton-Ross and that

he provided documents in support of his dispute, including documents that appear identical to the

documents attached as Exhibits A and B to Plaintiff's First Amended Complaint.  First

Advantage denies the remaining allegations in Paragraph No. 29 of the First Amended

Complaint.

**COMPLAINT ¶30:**

First Advantage failed to conduct a reasonable reinvestigation; failed to review and consider all relevant information submitted by Plaintiff; and failed to correct, delete, or properly record the disputed status of inaccurate/misleading items as required by 15 U.S.C. § 1681i.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 30 of the First Amended

Complaint.

**COMPLAINT ¶31:**

First Advantage's noncompliance was willful and/or negligent. Plaintiff seeks remedies under 15 U.S.C. §§ 1681n and 1681o, consistent with Safeco's willfulness standard.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 31 of the First Amended

Complaint.

**COMPLAINT ¶32:**

Willfulness / Recklessness (Safeco). Plaintiff alleges that after receiving Plaintiff's sworn dispute materials and court-certified documentation, First Advantage continued to maintain adverse "CONSIDER" designations and pressed for unnecessarily intrusive and irrelevant documentation for a decades-old period, then reported the absence of such materials in a manner expected to adversely affect employment decisions. Plaintiff alleges this conduct reflects at least negligent noncompliance and, given notice and the obvious risk of harm, reckless disregard of FCRA duties.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 32 of the First Amended

Complaint.

### COUNT III — FCRA: Failure to Provide Required Pre-Adverse Action Disclosures (Against Chipton-Ross as User) (15 U.S.C. § 1681b(b)(3))

**COMPLAINT ¶33:**[1]

Plaintiff realleges and incorporates paragraphs 1-23.

**ANSWER:**

First Advantage restates its answers to Paragraph Nos. 1 through 23 of the First Amended

Complaint as its answer to Paragraph No. 33 of the First Amended Complaint.

**COMPLAINT ¶34:**

Chipton-Ross procured and/or used Plaintiff's consumer report for employment purposes in connection with Plaintiff's Boeing opportunity.

**ANSWER:**

The allegations in Paragraph No. 34 of the First Amended Complaint are not directed to

First Advantage and thus an answer from First Advantage is not required.

---

[1] Plaintiff appears to have mistakenly referred to Paragraph No. 33 of his First Amended Complaint as Paragraph No. "32."

**COMPLAINT ¶35:**

Before taking adverse action based in whole or in part on the report, Chipton-Ross was required to provide Plaintiff: (i) a copy of the report and (ii) a written summary of consumer rights. 15 U.S.C. § 1681b(b)(3).

**ANSWER:**

The allegations in Paragraph No. 35 of the First Amended Complaint are not directed to

First Advantage and thus an answer from First Advantage is not required.

**COMPLAINT ¶36:**

Chipton-Ross failed to timely provide the required disclosures and/or failed to provide a meaningful opportunity to dispute and correct the report before adverse action processes were initiated.

**ANSWER:**

The allegations in Paragraph No. 36 of the First Amended Complaint are not directed to

First Advantage and thus an answer from First Advantage is not required.

**COMPLAINT ¶37:**

Plaintiff suffered damages as a direct and proximate result.

**ANSWER:**

The allegations in Paragraph No. 37 of the First Amended Complaint are not directed to

First Advantage and thus an answer from First Advantage is not required.

**COUNT IV — Defamation Per Se (Texas Law) (Alternative/To the Extent Not Preempted)**

**COMPLAINT ¶38:**

Plaintiff realleges and incorporates paragraphs 1-23.

**ANSWER:**

First Advantage restates its answers to Paragraph Nos. 1 through 23 of the First Amended

Complaint as its answer to Paragraph No. 38 of the First Amended Complaint.

**COMPLAINT ¶39:**

Defendants published to third parties false statements and/or implications that Plaintiff is currently a registered sex offender in Arizona (Exhibit C), a statement imputing serious criminal conduct and sexual misconduct and constituting defamation per se under Texas law.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 39 of the First Amended Complaint.

**COMPLAINT ¶40:**

After Defendants received court-certified and sworn dispute materials (Exhibits A-B), Defendants acted with at least negligence and, upon information and belief, with reckless disregard for the truth, causing ongoing reputational and economic harm.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 40 of the First Amended Complaint.

### COUNT V — Tortious Interference with Prospective Business Relations (Texas Law) (Alternative/To the Extent Not Preempted)

**COMPLAINT ¶41:**

Plaintiff realleges and incorporates paragraphs 1-23.

**ANSWER:**

First Advantage restates its answers to Paragraph Nos. 1 through 23 of the First Amended Complaint as its answer to Paragraph No. 41 of the First Amended Complaint.

**COMPLAINT ¶42:**

Plaintiff had a reasonable probability of entering into an employment relationship with Boeing beginning January 12,2026.

**ANSWER:**

First Advantage lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 42 of the First Amended Complaint.

-14-

**COMPLAINT ¶43:**

Defendants intentionally interfered with that prospective relationship by disseminating and relying upon materially inaccurate or misleading report content and by failing to timely correct/flag disputed information after notice, causing disruption and loss of the employment opportunity.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 43 of the First Amended Complaint.

**COMPLAINT ¶44:**

Defendants' conduct was independently wrongful or unlawful within the meaning of *Wal-Mart Stores, Inc. v. Sturges*, 52 S.W.3d 711 (Tex. 2001).

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 44 of the First Amended Complaint.

**COMPLAINT ¶45:**

Plaintiff suffered damages, including lost wages and consequential economic harm.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 45 of the First Amended Complaint.

## VIII.  REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and grant the following relief:

    A.     Actual damages as allowed by 15 U.S.C. § 16810 and Texas law;

    B.     Statutory damages and punitive damages where permitted for willful noncompliance under 15 U.S.C. § 1681n;

    C.     Costs and reasonable attorney's fees to the extent authorized by statute;

    D.     Declaratory relief under 28 U.S.C. §§ 2201-2202; and

E.      Such other relief as the Court deems just and proper.

**ANSWER:**

Plaintiff's allegations constitute a prayer for relief requiring neither an admission nor a denial by First Advantage.  To the extent an answer is required, First Advantage denies that Plaintiff is entitled to any relief whatsoever.

## IX.  JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

**ANSWER:**

First Advantage admits that Plaintiff demands a trial by jury on all issues so triable.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

First Advantage is not subject to general or specific personal jurisdiction in this Court. First Advantage is not a citizen of Texas, and Plaintiff's claims do not arise out of or relate to First Advantage's contacts with Texas such that the exercise of personal jurisdiction would be proper.

### SECOND DEFENSE

This Court is not the proper venue as to the claims Plaintiff brings against First Advantage because First Advantage does not reside in this judicial district, none of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district, and the Court lacks personal jurisdiction over First Advantage.

### THIRD DEFENSE

Plaintiff's defamation *per se* claim against First Advantage fails because any alleged statements made by First Advantage (or its subsidiary) were true or not false.

-16-

## FOURTH DEFENSE

Plaintiff's defamation *per se* claim against First Advantage fails because First Advantage (or its subsidiary) had a qualified or absolute privilege to make any alleged defamatory statements concerning Plaintiff.

## FIFTH DEFENSE

Plaintiff's state law claims are preempted, in whole or in part, by 15 U.S.C. § 1681t.

## SIXTH DEFENSE

Plaintiff is not entitled to punitive damages because First Advantage (or its subsidiary) engaged in good faith efforts to comply with the FCRA, First Advantage's (or its subsidiary's) reading of its obligations under the FCRA, were and are objectively reasonable, and any purported violation was not willful.

## SEVENTH DEFENSE

To the extent Plaintiff has failed to mitigate his alleged damages, his recovery, if any, must be reduced accordingly.

-18-

Respectfully submitted,

FIRST ADVANTAGE CORPORATION


By: */s/ Emma C. Mata*

    Emma C. Mata
    Texas Bar No. 24029470
    emata@seyfarth.com
    SEYFARTH SHAW LLP
    700 Milam Street, Suite 1400
    Houston, Texas 77002-2812
    Telephone: (713) 225-2300
    Facsimile:   (713) 225-2340

    Attorneys for Defendant First Advantage
    Corporation

Date:  June 3, 2026

## CERTIFICATE OF SERVICE

I certify that, on June 3, 2026, I electronically filed the foregoing document with the

Clerk of the Court using the ECF system, which will send notice of such filing to Plaintiff and all

counsel of record.  I also certify that, on June 3, 2026, I served the foregoing on Plaintiff by U.S.

Mail at the address listed below:

> Randy Scott Decker
> 511 Hoot Owl Lane S.
> Leander, Texas 78641

> */s/ Emma C. Mata*
> Emma C. Mata