**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

**FILED**

May 30, 2026

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _Christian Rodriguez_
DEPUTY

| | | |
|---|---|---|
| **RANDY SCOTT DECKER,** <br> *Plaintiff,* | § <br> § <br> § <br> § | |
| v. | § <br> § | No. 1:26-cv-00070-ADA-SH |
| **CHIPTON-ROSS, INC. and** <br> **FIRST ADVANTAGE CORPORATION,** <br> *Defendants.* | § <br> § <br> § <br> § | |

**PLAINTIFF'S SUPPLEMENTAL NOTICE OF GOOD-FAITH MITIGATION**

**EFFORTS, ADMINISTRATIVE AND REGULATORY COMPLAINTS, AND**

**CONTINUING NON-REMEDIATION IN FURTHER SUPPORT OF EMERGENCY**

**MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY**

**INJUNCTION**

Plaintiff Randy Scott Decker, proceeding pro se, respectfully submits this Supplemental Notice

to advise the Court of Plaintiff's good-faith efforts outside this case to correct, dispute, and stop

the continuing harm caused by disputed Arizona registry-related reporting. Plaintiff files this

Notice because outside channels have not stopped the immediate employment harm occurring in

Texas.

## I. PURPOSE AND LIMITED SCOPE OF THIS NOTICE

This is not a new motion to add Arizona DPS, the Arizona Central State Repository, the

Department of Justice, CFPB, the State Bar of Texas, or any Arizona federal court as parties in

this case. Plaintiff does not ask this Court to directly command those non-parties in this action.

The point is narrower and directly relevant to the pending TRO/PI request: Plaintiff has attempted to mitigate and obtain correction through record-custodian, consumer-reporting, employer, regulatory, and professional-responsibility channels, but those efforts have not stopped the live employment blockage. Plaintiff therefore asks this Court to act against the parties before it by ordering preservation, expedited discovery or hearing, and narrowly tailored interim relief preventing Defendants from treating the disputed registry notation as conclusive without meaningful verification against Plaintiff's certified court records.

## II. LEGAL RELEVANCE

The Supreme Court requires a plaintiff seeking preliminary relief to show likely success, likely irreparable harm, balance of equities, and public interest. Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008).

The Fifth Circuit has explained that a preliminary injunction exists to prevent irreparable injury and preserve the Court's ability to render meaningful relief after merits review. Canal Authority of the State of Florida v. Callaway, 489 F.2d 567, 576 (5th Cir. 1974) ("A preliminary injunction may be issued to protect the plaintiff from irreparable injury and to preserve the district court's power to render a meaningful decision after a trial on the merits.").

Plaintiff recognizes that ordinary money loss is often insufficient by itself. Sampson v. Murray, 415 U.S. 61, 90 (1974) ("Mere injuries, however substantial, in terms of money, time and energy necessarily expended" are not enough where later corrective relief is adequate). Plaintiff's present showing, however, is not routine wage loss alone. The record now includes repeated employment blockage, forced liquidation risk, threatened relocation, loss of basic services, and inability of outside channels to stop the recurring harm.

The FCRA confirms why Defendants cannot merely point to an agency/database output and stop. A consumer reporting agency must follow reasonable procedures to assure "maximum possible accuracy." 15 U.S.C. § 1681e(b). When a consumer disputes completeness or accuracy, the agency must conduct a reasonable reinvestigation and consider information submitted by the consumer. 15 U.S.C. § 1681i(a)(1), (a)(4). Public-record employment reporting must be complete and up to date or accompanied by required notice procedures. 15 U.S.C. § 1681k(a). The Fifth Circuit's Pinner decision is directly instructive. It states that FCRA was designed to protect individuals from "inaccurate or arbitrary information" used for eligibility decisions, and it held that maximum possible accuracy requires more than technical repetition of a disputed notation. Pinner v. Schmidt, 805 F.2d 1258, 1262-63 (5th Cir. 1986). Pinner further held that when the reporting agency had notice of a dispute, contacting only the adverse source was insufficient; if there was no other authority to verify the item, deletion was required. Id. The Supreme Court also recognizes that FCRA willfulness includes reckless disregard, not merely intentional violation. Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47, 57 (2007). Continued reliance on disputed reporting after formal notice, certified court records, employer losses, and repeated disputes is therefore relevant to reasonableness, recklessness, and the need for expedited court management.

## III. GOOD-FAITH EFFORTS MADE OUTSIDE THIS COURT

Plaintiff states, based on personal knowledge, that he has pursued the following outside channels in good faith:

- Certified court records: Plaintiff has repeatedly supplied certified Pima County Superior Court records concerning the disputed failure-to-register indictment and dismissal with prejudice.

- First Advantage: Plaintiff has submitted formal FCRA disputes and expedited manual reinvestigation demands to First Advantage concerning the disputed Arizona registry-related reporting and live employment blockage.

- Checkr / Twin Liquors: Plaintiff has disputed the Checkr report used by Twin Liquors. The Checkr report for Twin Liquors, LP was completed May 19, 2026, marked overall status "Consider," and marked the Sex Offender Search "Consider" based on an AZ Sex Offender Registry item. Plaintiff supplied certified court records to Twin Liquors, which acknowledged review and nevertheless advised that it could not continue employment.

- CFPB: Plaintiff has submitted or is submitting CFPB complaints concerning First Advantage and Checkr because the reports continue to affect employment despite court documentation and formal disputes.

- Arizona DPS / Central State Repository: Plaintiff has served notices and demands, including certified-mail efforts, to AZDPS Director Jeffrey Glover and the Arizona Central State Repository. Plaintiff states that repository personnel have taken the position that they are not under a specific court order to remove the registry-related information, even though Plaintiff disputes that any court order ever required such listing in the first place.

- Department of Justice channels: Plaintiff has submitted multiple DOJ-related complaints and communications, including contacts through DOJ-related reporting channels, regarding the continued mirroring of disputed and allegedly inaccurate registry-related information.

Plaintiff states that DOJ-related responses have not corrected the information or stopped the reporting harm.

- Arizona federal case: Plaintiff previously sought relief in the District of Arizona, Case No. 2:25-cv-04472-MTL-MTM. Plaintiff does not ask this Court to review that dismissal; Plaintiff identifies it only to show that outside litigation efforts have not stopped the immediate Texas harm.

- Professional-responsibility channels: Plaintiff has pursued professional-responsibility channels, including State Bar of Texas grievance submissions, based on counsel's continued reliance on the disputed registry issue. Plaintiff does not seek attorney discipline or Rule 11 sanctions through this Notice.

## IV. OUTSIDE CHANNELS HAVE NOT STOPPED THE TEXAS HARM

Despite these efforts, Plaintiff continues to experience live employment blockage in Texas and related financial collapse. The problem is not abstract. The disputed registry-related notation has appeared in employment-screening reports and has contributed to stopped or stalled opportunities, including Boeing/Chipton-Ross, Kelly Services/Applied Materials through First Advantage, and Twin Liquors through Checkr.

Plaintiff is not asking the Court to decide every historical Arizona issue in this Notice. The immediate Texas issue is whether Defendants before this Court may continue to rely on, transmit, defend, or treat as employment-disqualifying a disputed registry-related notation after Plaintiff supplied certified court records and repeatedly invoked FCRA accuracy and reinvestigation procedures.

The repeated 30-day dispute cycles are not preventing harm in real time. They are allowing the harm to continue while jobs disappear. Plaintiff respectfully submits that this is exactly why the Court's equitable authority, preservation power, and case-management authority matter now.

## V. REQUESTED CONSIDERATION AND RELIEF

Plaintiff respectfully requests that the Court consider this Notice as additional evidence of good-faith mitigation, continuing non-remediation, and lack of effective practical relief through outside channels.

Plaintiff further requests narrowly tailored relief against the parties before the Court, including: (1) preservation of all reports, dispute materials, communications, recipient lists, adverse-action records, and onboarding records; (2) expedited discovery and/or an evidentiary hearing; (3) an order that Defendants not treat the disputed registry notation as conclusive or employment-disqualifying without meaningful verification against Plaintiff's certified court records and dispute materials; and (4) such other relief as the Court deems just.

Plaintiff does not ask the Court in this Notice to order Arizona DPS, DOJ, CFPB, the State Bar, or the District of Arizona to act. Plaintiff asks this Court to recognize that Plaintiff has pursued those channels and that they have not stopped the immediate harm caused by the parties before this Court.

### SUPPLEMENTAL DECLARATION OF RANDY SCOTT DECKER

I, Randy Scott Decker, declare under penalty of perjury under 28 U.S.C. § 1746 that the factual statements in this Notice regarding my good-faith mitigation efforts, disputes, complaints,

certified-mail efforts, employment blockage, and continuing harm are true and correct based on my personal knowledge and the records in my possession.

Executed on _____May 29_____, 2026.

_Randy Scott Decker_

Randy Scott Decker

511 Hoot Owl Ln S

Leander, Texas 78641

512-676-8245 | randysdecker@gmail.com

## CERTIFICATE OF SERVICE

I certify that on _____, 2026, a true and correct copy of the foregoing was served on all counsel of record in accordance with the Court's filing and service procedures.

_Randy Scott Decker_

Randy Scott Decker