**FILED**

June 17, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____
DM
DEPUTY

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **RANDY SCOTT DECKER,** *Plaintiff,* | § § § § | |
| v. | § § | **No. 1:26-cv-00070-ADA-SH** |
| **CHIPTON-ROSS, INC. and FIRST ADVANTAGE CORPORATION,** *Defendants.* | § § § § § | |

## PLAINTIFF'S EMERGENCY MOTION FOR SHORT EXTENSION OF TIME TO FILE RESPONSE TO DEFENDANT CHIPTON-ROSS, INC.'S MOTION TO DISMISS

Plaintiff Randy Scott Decker, proceeding pro se, respectfully moves under Federal Rule of Civil Procedure 6(b)(1)(A) and Local Rule CV-7 for a short extension of time, through Monday, June 22, 2026, to file his response to Defendant Chipton-Ross, Inc.'s Motion to Dismiss Plaintiff's First Amended Complaint (ECF No. 54). In the alternative, to the extent the Court determines that any applicable deadline expired before this motion was filed, Plaintiff requests the same short extension under Rule 6(b)(1)(B) based on excusable neglect.

### I. RELIEF REQUESTED

Plaintiff requests a brief extension until Monday, June 22, 2026, to file his response to Defendant Chipton-Ross, Inc.'s Rule 12(b)(6) motion. This request is made on the current response deadline, is limited in duration, is not made for delay, and is necessary because an acute medical flare-up substantially prevented Plaintiff from preparing a meaningful response during the response period.

### II. GOOD CAUSE EXISTS FOR A SHORT EXTENSION

Defendant Chipton-Ross filed its motion to dismiss on June 3, 2026. Under Local Rule CV-7(d)(2), Plaintiff understands that his response is due fourteen days after filing, making the response deadline June 17, 2026. Plaintiff has attempted to protect that deadline and seeks relief before expiration of the response period.

Good cause exists because, beginning approximately ten days ago, Plaintiff suffered a severe gout flare-up affecting both feet and legs and his right knee. The flare-up caused extreme pain, swelling, inability to walk normally, inability to sit at a computer and type for meaningful periods, and impaired concentration due to persistent pain. Plaintiff has been doing everything reasonably possible to recover, and the condition is only now beginning to dissipate.

Plaintiff is one person, proceeding without counsel, and must personally prepare the response to a dispositive motion seeking dismissal of his claims. Because the medical impairment coincided with the response period, Plaintiff has not been physically or cognitively able to complete a proper response. Plaintiff believes he can file the response by Monday, June 22, 2026, if granted this short extension.

The requested extension is brief, will not prejudice Defendants, and will assist the Court by allowing Plaintiff to file a focused response on the merits rather than a rushed and medically impaired filing. No trial date or scheduling order deadline will be affected. Plaintiff does not seek to delay these proceedings, but only seeks a fair opportunity to respond to a dispositive motion after a short medical interruption.

## III. ALTERNATIVE REQUEST IF THE COURT DEEMS THE DEADLINE EXPIRED

Plaintiff believes this motion is timely under Rule 6(b)(1)(A). However, if the Court determines that the response deadline expired before this filing was received, Plaintiff respectfully requests that the Court find excusable neglect under Rule 6(b)(1)(B). Any delay

would be minimal, caused by a debilitating medical condition rather than bad faith, and would not prejudice Defendants. Plaintiff is requesting only until Monday, June 22, 2026.

## IV. CERTIFICATE OF CONFERENCE

Because this motion is time-sensitive and the response deadline expires today, Plaintiff contacted counsel for Defendants by email on June 17, 2026, to determine whether Defendants oppose this short extension. As of the filing of this motion, Plaintiff has not yet received a response. Plaintiff will promptly supplement this certificate if counsel advises that the motion is opposed or unopposed. Plaintiff files now to preserve his request for relief under Rule 6(b)(1)(A).

## V. CONCLUSION

For these reasons, Plaintiff respectfully requests that the Court grant this Emergency Motion and extend Plaintiff's deadline to respond to Defendant Chipton-Ross, Inc.'s Motion to Dismiss (ECF No. 54) through Monday, June 22, 2026.

Respectfully submitted,

Randy Scott Decker
Plaintiff Pro Se
511 Hoot Owl Lane S.
Leander, Texas 78641
Email: randysdecker@gmail.com

## DECLARATION OF RANDY SCOTT DECKER

I, Randy Scott Decker, declare under penalty of perjury under 28 U.S.C. § 1746 that the following is true and correct:

1. I am the Plaintiff in this action and I am proceeding pro se.

2. During the response period for Defendant Chipton-Ross, Inc.'s Motion to Dismiss, I suffered a severe gout flare-up affecting both feet and legs and my right knee.

3. The flare-up caused extreme pain, swelling, inability to walk normally, inability to sit at a computer and type for meaningful periods, and impaired concentration due to persistent pain.

4. This medical condition substantially prevented me from preparing and filing a meaningful response during the ordinary response period.

5. My condition is beginning to dissipate, and I believe I can complete and file my response by Monday, June 22, 2026.

6. I request this short extension in good faith and not for delay.

Executed on June 17, 2026, in Leander, Texas.

Respectfully submitted,

Randy Scott Decker
Plaintiff Pro Se
511 Hoot Owl Lane S.
Leander, Texas 78641
Email: randysdecker@gmail.com

## CERTIFICATE OF SERVICE

I certify that on June 17, 2026, I served a true and correct copy of the foregoing document on all counsel of record by the Court's CM/ECF system and/or by email to counsel of record, including Michael A. McCabe at mmccabe@munckwilson.com and Emma C. Mata at emata@seyfarth.com.

Respectfully submitted,

Randy Scott Decker
Plaintiff Pro Se
511 Hoot Owl Lane S.
Leander, Texas 78641
Email: randysdecker@gmail.com