**RECEIVED**
June 22, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY:_____pg_____
DEPUTY



# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| **RANDY SCOTT DECKER,**<br>*Plaintiff,*<br><br>v.<br><br>**CHIPTON-ROSS, INC. and**<br>**FIRST ADVANTAGE CORPORATION,**<br>*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **No. 1:26-cv-00070-ADA-SH** |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT CHIPTON-ROSS, INC.'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

**TO THE HONORABLE UNITED STATES DISTRICT COURT:**

Plaintiff Randy Scott Decker, proceeding pro se, respectfully submits this Response in Opposition to Defendant Chipton-Ross, Inc.'s Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Dkt. 54). This Response addresses Chipton-Ross's pending motion. Defendant First Advantage Corporation has filed an Answer and Affirmative and Other Defenses (Dkt. 55), not a motion to dismiss; therefore, no separate opposition brief to First Advantage is required unless the Court orders one or First Advantage files a motion seeking affirmative relief. Plaintiff reserves all rights to challenge First Advantage's affirmative defenses, jurisdictional assertions, denials, and any later motion.

First Advantage's Answer is relevant context because it confirms two core points that defeat dismissal at the pleading stage: Plaintiff disputed information in the background report that Sterling Infosystems, Inc., a First Advantage subsidiary, prepared for Chipton-Ross, and Plaintiff provided supporting documents, including documents appearing identical to Exhibits A and B to the First Amended Complaint. First Advantage also admits that Plaintiff asked that the

disputed information be removed or corrected. (Dkt. 55 at 8.) Those admissions reinforce that this case is not about an abstract disagreement with old records. It is about disputed employment reporting, notice, supporting court records, reinvestigation, report use, adverse employment effect, and continuing harm.

Chipton-Ross asks the Court to dismiss with prejudice by treating a registry/database display and an old conviction label as dispositive "truth." But Chipton-Ross's own judicial-notice theory exposes the problem: judicial notice can establish that a public record or webpage existed, not that Defendants' legal conclusions, causation theories, privilege defenses, or employment-reporting conduct are correct as a matter of law. Plaintiff's FCRA and related claims are plausible because the alleged report was present-tense, employment-disqualifying, disputed, incomplete or misleading, and allegedly used after certified court records and supporting materials were supplied.

This Response should be read with Plaintiff's First Amended Complaint, incorporated exhibits, prior declarations, and supplemental filings regarding the extraordinary ongoing harm from continued employment-disqualifying background reporting. Plaintiff does not ask the Court to retry an old criminal case in this Rule 12(b)(6) posture. Plaintiff asks the Court to deny dismissal because Defendants have not shown, and cannot show on the pleadings alone, that the challenged employment reporting was complete, current, legally non-misleading, reasonably reinvestigated, properly used, harmless, privileged, or immune from discovery.

## STANDARD OF REVIEW

On a Rule 12(b)(6) motion, the Court accepts well-pleaded factual allegations as true and draws reasonable inferences in the plaintiff's favor. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A pro se pleading must be liberally

construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Dismissal with prejudice is especially inappropriate where a pro se plaintiff can cure any perceived pleading deficiency through amendment. *See* Fed. R. Civ. P. 15(a)(2).

Judicial notice does not permit the Court to accept disputed factual inferences or Defendant's merits theory. A court may notice the existence of certain public records, but the Rule 12(b)(6) inquiry still requires the Court to view the operative allegations and reasonable inferences in Plaintiff's favor. Chipton-Ross's causation, truth, privilege, same-decision, and immateriality arguments depend on disputed inferences and factual conclusions outside the pleadings. Those issues belong in discovery and, if appropriate, summary judgment or trial, not dismissal with prejudice at the pleading stage.

## ARGUMENT

### I. DEFENDANT'S MOTION RESTS ON A FALSE PREMISE: JUDICIAL NOTICE OF A RECORD IS NOT JUDICIAL ACCEPTANCE OF DEFENDANT'S MERITS THEORY

Chipton-Ross's Motion should be denied because it asks the Court to decide disputed merits issues under the label of "truth" and "judicial notice." The Motion conflates three different propositions: (1) that a database or registry page displayed Plaintiff's name; (2) that an old criminal docket contains a conviction label; and (3) that the employment background report was therefore complete, current, legally non-misleading, reasonably reinvestigated, causally harmless, and privileged as a matter of law. Only the existence of public records may be noticed at this stage. The disputed legal and factual consequences of those records may not be resolved on a Rule 12(b)(6) motion.

Plaintiff does not ask the Court to ignore any public record. Plaintiff asks the Court to apply the correct legal distinction. A registry/database entry may show what an agency or vendor displayed at a point in time. It does not conclusively establish, at the pleading stage, that the

employment report satisfied the FCRA's requirements of maximum possible accuracy, completeness, current public-record status, reasonable reinvestigation, and non-misleading presentation after Plaintiff supplied certified court records and dispute materials.

The Motion therefore fails at the threshold. Defendant may not convert a disputed database output into a dispositive merits ruling by attaching or referencing materials outside the pleading and asking the Court to draw Defendant's preferred inferences. At Rule 12(b)(6), Plaintiff's well-pleaded factual allegations must be accepted as true, all reasonable inferences must be drawn in Plaintiff's favor, and dismissal is improper unless no plausible claim exists. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Plaintiff is pro se, and his pleadings must be liberally construed. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

## II. THE ACTIONABLE ISSUE IS NOT A RETRIAL OF AN OLD CONVICTION; IT IS WHETHER DEFENDANTS USED AND RELIED ON A PRESENT-TENSE, EMPLOYMENT-DISQUALIFYING REPORT THAT WAS MATERIALLY INCOMPLETE OR MISLEADING

Chipton-Ross attempts to shift the case away from the actual issue. Plaintiff's claim does not require this Court to retry an old Arizona conviction or adjudicate every historical fact surrounding it. The actionable issue is narrower and more concrete: whether Defendants used, disseminated, relied upon, or failed to correct/flag an employment background report that represented or implied that Plaintiff was presently a "registered sex offender" in Arizona without accurately, completely, and fairly addressing the certified judicial disposition and dispute materials Plaintiff supplied.

That distinction matters. The FCRA is concerned with the accuracy, completeness, currency, and fairness of consumer reporting used for employment. The statute requires a consumer reporting agency to follow reasonable procedures to assure "maximum possible

accuracy." 15 U.S.C. § 1681e(b). When a consumer disputes information, the agency must conduct a reasonable reinvestigation, review and consider all relevant information submitted by the consumer, and delete or modify information that is inaccurate, incomplete, or cannot be verified. 15 U.S.C. § 1681i(a)(1), (a)(4), (a)(5). For employment-related public-record information likely to adversely affect employment, the statute requires either notice to the consumer at the time of reporting or strict procedures designed to ensure that the information is complete and up to date, including the current public-record status of the item at the time of the report. 15 U.S.C. § 1681k(a).

Those duties do not disappear because a registry page or old conviction label exists. The statutory standard is not "find something adverse somewhere and repeat it." The standard is maximum possible accuracy, reasonable reinvestigation, and complete, up-to-date public-record reporting when employment is at stake.

### III. A REPORT CAN BE ACTIONABLE EVEN IF DEFENDANT CLAIMS A PIECE OF IT WAS "TECHNICALLY TRUE," BECAUSE THE FCRA REACHES MATERIALLY MISLEADING PRESENTATIONS

Fifth Circuit law rejects Defendant's attempt to reduce FCRA accuracy to isolated literalism. A report may be inaccurate if it is "patently incorrect" or if it is "misleading in such a way and to such an extent that it can be expected to adversely affect" decisions. Sepulvado v. CSC Credit Servs., Inc., 158 F.3d 890, 895 (5th Cir. 1998). The Fifth Circuit has also recognized that maximum possible accuracy requires more than bare technical accuracy. In Pinner v. Schmidt, the court approved the principle that § 1681e(b) does not merely require a report to be "accurate," but to assure "maximum possible accuracy," because otherwise a report could state that a person was "involved" in misconduct while omitting the material fact that he was a victim. 805 F.2d 1258, 1262-63 (5th Cir. 1986).

That principle fits this case. A present-tense employment report implying that Plaintiff is currently a registered sex offender can be materially misleading if it omits or fails to account for certified court records and dispute materials that bear directly on the legal predicate, current public-record status, completeness, and employment effect of the registry-related notation. Defendant's "truth" argument therefore raises a fact-intensive merits dispute. It is not a basis for dismissal with prejudice.

### IV. REYES DOES NOT SAVE DEFENDANT BECAUSE PLAINTIFF IS NOT ASKING A CRA TO ADJUDICATE A COMPLEX LEGAL DEBT DISPUTE; PLAINTIFF IS DEMANDING ACCURATE, COMPLETE, CURRENT PUBLIC-RECORD REPORTING

Defendants may try to rely on cases holding that a consumer reporting agency is not required to adjudicate complex legal disputes. That doctrine does not defeat Plaintiff's pleading. Plaintiff is not asking a CRA to sit as a court of appeals over an old conviction. Plaintiff is alleging that once certified judicial records and dispute materials were supplied, Defendants could not reasonably treat a registry/database notation as conclusive while omitting or disregarding materially qualifying court-record information. See Reyes v. Equifax Info. Servs., L.L.C., 140 F.4th 280 (5th Cir. 2025) (addressing disputed debt validity and distinguishing cases involving objectively verifiable factual deficiencies).

The Fifth Circuit's recent collateral-attack cases concerning disputed debts do not create a safe harbor for incomplete or misleading public-record employment reporting. They preserve a distinction between adjudicating a complex legal dispute and reporting objectively verifiable facts accurately and completely. Plaintiff's certified judicial records, the existence and terms of any dismissal with prejudice, the content of the report, the report's recipients, the dispute history, the reinvestigation record, and the employment use of the report are objectively verifiable

matters. The FCRA required Defendants to handle those matters reasonably, completely, and accurately. Plaintiff has plausibly alleged that they did not.

## V. DEFENDANT'S USE OF THE OLD "CHILD PROSTITUTION" LABEL DOES NOT DEFEAT THE CLAIM; IT CONFIRMS WHY CONTEXT, COMPLETENESS, AND NON-MISLEADING PRESENTATION MATTER

Chipton-Ross's Motion injects the old "child prostitution" label in an effort to make the Court look away from the actual FCRA issue. That tactic should not control the Rule 12(b)(6) analysis. Plaintiff disputes Defendant's characterization and does not concede the completeness or fairness of that label. But the Court need not resolve the underlying historical controversy to deny the Motion. The issue before this Court is not whether Plaintiff can be punished again for an old case. The issue is whether Defendants may use an employment-disqualifying present-tense registry label while ignoring certified court records and dispute materials that directly bear on the completeness, current status, and non-misleading nature of that reporting.

Defendant has identified no current court order in the pleadings that establishes, as a matter of law at the motion-to-dismiss stage, that Plaintiff is presently under a valid judicial registration obligation. Defendant instead asks the Court to treat a registry display and an old conviction label as superior to Plaintiff's certified judicial disposition and dispute evidence. That is the inversion Plaintiff challenges.

The Court should reject that inversion. Courts exist to determine the legal effect of judicial records. Agencies and databases may display information, but their display does not override a court record, decide disputed legal consequences, or immunize private employment-reporting conduct from the FCRA's accuracy and reinvestigation requirements.

## VI. COUNTS I AND II ARE PLAUSIBLE AGAINST FIRST ADVANTAGE; COUNT III AND THE STATE-LAW CLAIMS ARE PLAUSIBLE AGAINST CHIPTON-ROSS

Chipton-Ross argues that Counts I and II apply to consumer reporting agencies rather than users of reports. Plaintiff does not need Counts I and II to be stretched beyond their statutory target for the case to proceed. The First Amended Complaint plausibly alleges that First Advantage/Sterling acted as the consumer reporting entity responsible for preparing and reporting the challenged information. Counts I and II therefore remain viable against the reporting entity.

As to Chipton-Ross, the First Amended Complaint plausibly alleges user conduct, including procurement and use of the consumer report for employment purposes, failure to provide meaningful pre-adverse-action process, reliance on disputed information after notice, and actual harm to Plaintiff's Boeing opportunity. Section 1681b(b)(3) applies to users of consumer reports for employment purposes. A person using a consumer report for employment purposes may not take adverse action based in whole or in part on the report without first providing the consumer a copy of the report and a description of rights. 15 U.S.C. § 1681b(b)(3)(A). Plaintiff has plausibly alleged that the process provided was not meaningful because adverse action was effectively allowed to proceed while the key disputed registry-related item remained uncorrected, unflagged, or materially incomplete despite supporting documentation.

At minimum, if the Court finds any pleading ambiguity concerning which Defendant is liable under which statutory subsection, the proper remedy is leave to amend, not dismissal with prejudice. Rule 15 favors amendment, especially for a pro se plaintiff where the facts can be clarified and the case is at an early pleading stage.

## VII. THE DEFAMATION CLAIM CANNOT BE DISMISSED ON "TRUTH" OR PRIVILEGE AT THIS STAGE

Defendant's truth defense fails at the pleading stage because the alleged defamatory implication is not limited to the existence of a registry/database entry. Plaintiff alleges that the report conveyed the materially false or misleading present-tense implication that he was properly, currently, and legally reportable as a registered sex offender for employment-screening purposes, despite certified court records and formal dispute materials. Texas law recognizes that defamation analysis looks to the gist or meaning conveyed, not merely isolated words. A statement may be actionable where the gist or implication is false or misleading in a defamatory way. See Dallas Morning News, Inc. v. Tatum, 554 S.W.3d 614 (Tex. 2018); Neely v. Wilson, 418 S.W.3d 52 (Tex. 2013).

Defendant's privilege argument also cannot support dismissal with prejudice. Common-interest privilege is a qualified defense, not an automatic license to repeat disputed, employment-disqualifying information after notice of contrary court records. Whether any privilege applied, whether it was exceeded, whether the recipients were proper, whether the publication was limited, and whether Defendant acted with the required fault are fact questions not suitable for Rule 12(b)(6) dismissal on this record.

## VIII. CAUSATION AND DAMAGES ARE PLAUSIBLY ALLEGED

Chipton-Ross also argues that Plaintiff cannot show causation or damages because the challenged information was supposedly true. That argument is circular. It assumes the very proposition Plaintiff disputes: that the report was complete, accurate, current, non-misleading, and lawfully relied upon.

Plaintiff has plausibly alleged concrete harm: a Boeing employment opportunity, a background-screening process tied to that opportunity, disputed employment-disqualifying report content, notice to Defendants, failure to correct or meaningfully flag the disputed information,

adverse employment consequences, lost wages, housing instability, business disruption, and cascading practical harm. At Rule 12(b)(6), Plaintiff does not need to prove the full damages model. He must plead facts making causation and injury plausible. He has done so. Chipton-Ross's reliance on In re Fisher and Johnson v. Tyson Foods, Inc. does not justify dismissal with prejudice because those authorities do not authorize the Court to assume a same-decision defense, immateriality, truth, or lack of causation from disputed inferences drawn in Defendant's favor. Here, Plaintiff alleges that the report's employment-disqualifying gist was materially incomplete or misleading, that Defendants had notice of dispute materials and certified court records, and that the adverse employment sequence followed from the challenged reporting. Whether Chipton-Ross or any downstream decision-maker would have made the same decision after a complete, current, non-misleading report and reasonable process is a fact issue.

The fact that Defendants dispute causation does not make causation implausible. It makes causation a discovery and proof issue. The report versions, recipient communications, adverse-action records, employer communications, reinvestigation notes, audit logs, and internal decision records will show what was reported, what was relied upon, when Defendants received notice, what they did after notice, and how the reporting affected employment. Those are not matters to be resolved by dismissal with prejudice.

## IX. THE CONTINUING HARM CONFIRMS WHY THE COURT SHOULD NOT DISMISS AT THE PLEADING STAGE

Plaintiff's alleged harm is not ordinary disagreement with a background report. Plaintiff alleges a continuing employment-disqualifying mechanism that follows him from opportunity to opportunity after certified court records and disputes were supplied. That ongoing harm affects livelihood, housing stability, transportation, tools, communications, business continuity, and the practical ability to litigate. Plaintiff does not ask the Court to convert every lost job into

irreparable harm. Plaintiff asks the Court to recognize that a repeated registry-related employment blockade is materially different from a single paycheck dispute.

The Supreme Court has recognized that the ability to work in common occupations is a serious liberty interest. See Truax v. Raich, 239 U.S. 33, 41 (1915); Meyer v. Nebraska, 262 U.S. 390, 399 (1923); Greene v. McElroy, 360 U.S. 474, 492 (1959). Plaintiff does not recast this private FCRA case as a § 1983 action. The point is narrower: American law does not treat a person's ability to earn a living as a trivial interest. The FCRA was enacted precisely because inaccurate or unfair consumer reporting can determine access to employment and livelihood. The Court should not dismiss plausible FCRA and related claims before discovery where Plaintiff alleges repeated employment exclusion from disputed public-record reporting.

## X. ALTERNATIVE REQUEST FOR LEAVE TO AMEND

If the Court concludes that any count requires more specificity, Plaintiff respectfully requests leave to amend rather than dismissal with prejudice. Plaintiff can clarify the statutory basis for each Defendant's liability, the report versions at issue, the dates and recipients of the disputed reporting, the dispute communications, the certified court records supplied, the adverse-action sequence, the Boeing-related damages, and the continuing harm. Dismissal with prejudice would be improper where amendment can cure any perceived pleading ambiguity and where Defendants have actual notice of the dispute, the report, the employment context, and the court records at issue.

## XI. CONCLUSION

For these reasons, Chipton-Ross's Motion to Dismiss should be denied. The Motion depends on treating disputed public-record consequences as conclusively true, treating a registry/database display as superior to certified judicial records, and deciding causation, truth,

privilege, reasonableness, and damages before discovery. The FCRA requires more than mechanical database repetition. It requires maximum possible accuracy, reasonable reinvestigation, and complete, current, non-misleading employment public-record reporting.

Plaintiff respectfully requests that the Court deny Defendant Chipton-Ross, Inc.'s Motion to Dismiss. Alternatively, Plaintiff requests leave to amend any count the Court believes requires clarification, and requests such other and further relief as justice requires.

## PRAYER

Plaintiff respectfully prays that the Court deny Defendant Chipton-Ross, Inc.'s Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Dkt. 54); decline to treat judicially noticed records as conclusive proof of Defendant's disputed merits theories; permit Plaintiff's FCRA, defamation per se, and related claims to proceed to discovery; alternatively grant Plaintiff leave to amend any count the Court believes requires additional specificity; and award such other and further relief to which Plaintiff is justly entitled.

Respectfully submitted,

_Randy Scott Decker_

Randy Scott Decker
Plaintiff, Pro Se
511 Hoot Owl Ln S
Leander, Texas 78641
512-676-8245
randysdecker@gmail.com
Date: June **22**, 2026

## CERTIFICATE OF SERVICE

I certify that on June **22**, 2026, I served a true and correct copy of the foregoing filing on all counsel of record and/or parties entitled to service through the Court's electronic filing system and/or by email or other method permitted by the Federal Rules of Civil Procedure, this Court's Local Rules, and this Court's orders.

_Randy Scott Decker_

Randy Scott Decker