IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **RANDY SCOTT DECKER,** | § | |
| | § | |
| *Plaintiff,* | § | |
| **v.** | § | |
| | § | |
| **CHIPTON-ROSS, INC. and FIRST** | § | Case No. 1:26-cv-00070-ADA-SH |
| **ADVANTAGE CORPORATION,** | § | |
| | § | |
| *Defendants.* | § | |

**DEFENDANT CHIPTON-ROSS, INC.'S REPLY IN SUPPORT OF
ITS MOTION TO DISMISS**

Defendant Chipton-Ross, Inc. hereby submits this reply in support of its pending motion to dismiss Plaintiff Randy Scott Decker's ("Plaintiff") First Amended Complaint.

**I.    Introduction**

Plaintiff filed his First Amended Complaint on May 4, 2026 ("FAC"). [Dkt. 41.] On June 2, 2026, Chipton-Ross filed a motion to dismiss Plaintiff's Fair Credit Reporting Act ("FCRA"), defamation, and, to the extent not already dismissed, tortious interference with prospective business relations claims, pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Motion"). [Dkt. 54.] On June 22, 2026, Plaintiff filed a diaristic response to Chipton-Ross's Motion ("Response"), arguing that his subjective disagreement over the inferences that flow from his inclusion in a sex offender registry render his claims plausible. [Dkt. 63.] Notwithstanding, the Response doubles down on the immaterial and implausible assertions that the Motion demonstrates fail to state a claim against Chipton-Ross under any of his theories.

Consequently, Plaintiff's Counts I-V must be dismissed as to Chipton-Ross, with prejudice and without leave to amend.

1

## II.    Argument

The Response concedes that Count I, pursuant to 15 U.S.C. § 1681e(b), and Count II, pursuant to 15 U.S.C. § 1681i, of the FAC do not apply to Chipton-Ross because it is not a consumer reporting agency. In addition, the Response fails to meaningfully address the pleading deficiencies in Count III, brought under 15 U.S.C. § 1681b(b)(3), and fails to plausibly plead that Chipton-Ross's purported violation of section 1681b(b)(3) caused any of Plaintiff's harm. Further, Plaintiff fails to refute the Motion's four grounds for dismissal of his defamation per se claims. And lastly, Plaintiff's cosmetic changes to Count V, his tortious interference claim, do not rescue that claim from this Court's prior dismissal.  The FAC is wholly insufficient, and Plaintiff's claims against Chipton-Ross should be dismissed with prejudice.

### A.  The Court may take judicial notice of public records.

Plaintiff concedes that "[o]nly the existence of the public records may be noticed at this stage."  Resp. at 3. Chipton-Ross agrees. As set forth in its Motion, Chipton-Ross requests the Court to judicially notice the following public records, the existence of which Plaintiff does not dispute: (i.) a public file for Plaintiff in the Arizona Department of Public Safety sex offender registry and (ii.) a Motion to Dismiss Indictment with respect to Plaintiff's 2012 indictment for failure to update his address on the sex offender registry and its attached order docketing Plaintiff's guilty plea for a violation of A.R.S. § 13-3212, a child prostitution statute. *See* Mot., at 7-8 & Exs. 1 & 2; *see Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) ("it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record.").

Chipton-Ross does not seek a retrial of Plaintiff's child prostitution conviction, nor does Chipton-Ross seek an inquiry into the facts surrounding that conviction. *See* Resp. at 4.  Rather, Chipton-Ross requests, and the parties agree, that "the court [] take judicial notice of matters of public record." *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009).  Accordingly, the Court

should take judicial notice of the public records concerning Plaintiff appearing on Arizona's sex offender registry and the records related to his 2012 and 1982 indictments, respectively.

### B. Plaintiff concedes that Counts I and II do not apply to Chipton-Ross.

Plaintiff declares that he "does not need Counts I and II to be stretched beyond their statutory target for the case to proceed." Resp. at 8. Counts I and II are brought under statutes authorizing relief against consumer reporting agencies. *See* 15 U.S.C. §§ 1681e(b) & 1681i. Chipton-Ross is not a consumer reporting agency. *See* Mot. at 11. And indeed, Plaintiff acknowledges that the "FirstAdvantage/Sterling acted as the consumer reporting entity responsible for preparing and reporting the challenged information." Resp. at 8.

Because Plaintiff concedes that Chipton-Ross is not a consumer reporting agency, Plaintiff can plead no set of facts to state a plausible claim for relief against Chipton-Ross under sections 1681e(b) and 1681i, respectively. Therefore, Counts I and II should be dismissed as to Chipton-Ross, with prejudice.

### C. Count III should be dismissed for want of causation.

Plaintiff's Response confirms that with respect to Count III, the FAC fails to allege that but for any action or inaction of Chipton-Ross, the result would have been any different. *See In re Fisher*, 649 F.3d 401, 403 (5th Cir. 2011) ("Conversely, an act is not a but-for cause of an event if the event would have occurred even in the absence of the act.").

Count III asserts that Chipton-Ross violated section 1681b(b)(3) of the FCRA. Per section 1681b(b)(3), "in using a consumer report for employment purposes, before taking any adverse action based in whole or in part on the report, the person intending to take such adverse action shall provide to the consumer to whom the report relates: (i) a copy of the report; and (ii) a description in writing of the rights of the consumer under [the FCRA]."

Here, Plaintiff concedes compliance with the FCRA: "Plaintiff disputed information in the background report . . . and Plaintiff provided supporting documents[.]" [Dkt. 63 at 1-2.]   That is all that the FCRA requires before a defendant like Chipton-Ross relies on the report to make an adverse decision.   *See* 15 U.S.C. § 1681i(a)(4) ("In conducting any reinvestigation . . . the consumer reporting agency shall review and consider all relevant information submitted by the consumer[.]"); *see also Shaunfield v. Experian Info. Sols., Inc.*, 991 F. Supp. 2d 786, 797 (N.D. Tex. 2014) (holding consumer asserts viable claim for lack of reasonable reinvestigation where consumer alleged that the consumer reporting agency "refuse[d] to recognize" documents submitted by the consumer).   Simply because Plaintiff disputes accurate information on the FirstAdvantage report does not result in a violation of the FCRA.   *See Reyes v. Equifax Info. Servs., LLC*, 140 F.4th 279, 286 ("inaccuracy is a threshold requirement for" FCRA claims predicated on lack of reasonable reinvestigation).

Regarding causation,[1] the Response asserts that "adverse action was effectively allowed to proceed while the key disputed registry-related item [i.e., Plaintiff's sex offender registration] remained uncorrected, unflagged, or materially incomplete despite supporting documentation[,]" Resp. at 8; and "the adverse employment sequence followed from the challenged reporting."  Resp. at 10.  Assuming for the sake of argument that Chipton-Ross failed to abide by section 1681b(b)(3) and "effectively allowed" adverse action to "proceed," Plaintiff nevertheless fails to assert that "the adverse employment sequence [that] followed" would not have occurred.

Nor can he. As set forth in the Motion, the statement in the First Advantage Report that Plaintiff is on the Arizona sex offender registry is true. *See* Mot. at 14. A plaintiff cannot recover

---

[1] Plaintiff also asserts that "[t]he fact that Defendants dispute causation does not make causation implausible." Resp. at 10. Chipton-Ross asserts that Plaintiff failed to *plead* causation. *Heck v. Orion Group Holdings, Inc.*, 468 F. Supp. 3d 828, 861 (S.D. Tex. 2020) (dismissing amended complaint without leave to amend because the plaintiff failed to plead that the defendant's conduct caused his losses).

for section 1681b(b)(3) violations where "the contents of the report that provided the basis for [the adverse employment action] were accurate." *Chappie v. Energi Pros LLC*, No. CV H-19-4456, 2020 WL 3978398, at *4 (S.D. Tex. June 10, 2020), report and recommendation adopted, No. CV H-19-4456, 2020 WL 3972533 (S.D. Tex. July 14, 2020).

Further, as fulsomely discussed in the Motion, Plaintiff's "supporting documentation" concerning his "disputed registry-related item" demonstrates, at most, that in 2012, prosecutors in Pima County, Arizona, did not have enough evidence to maintain a *criminal indictment* that Plaintiff was required to register as a sex offender given an apparent ambiguity in his 1982 guilty plea for child prostitution. *See* Mot. at 9. Plaintiff requests this Court strain through a chain of implausible inferences to identify causation in a FAC that pleads none. *See Summers v. PennyMac Corp.*, No. 3:12-CV-01235-L, 2012 WL 5944943, at *2 (N.D. Tex. Nov. 28, 2012) (["A] court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions.") (citing *R2 Invs. LDC v. Phillips,* 401 F.3d 638, 642 (5th Cir. 2005)).  The Court need not strain here. The FAC pleads no plausible connection between Chipton-Ross's supposed violations of section 1681b(b)(3) and Plaintiff's lost Boeing opportunity.

In addition, Plaintiff's Response fails to address his ambiguous use of "and/or" in Count III.  FAC ¶ 33.  The Motion makes clear that the use of "and/or" fails to "put a defendant on notice as to what it is being called for defense in a court of law."  *See* Mot. At 15 (quoting *Shemwell v. Cannon*, 352 F. Supp. 3d 690, 697 (N.D. Tex. 2019)). Consequently, given that Plaintiff has already repleaded and failed to correct Count III's deficiencies, the Court should dismiss with prejudice Count III as to Chipton-Ross.

**D. Plaintiff's defamation claim is fatally deficient on numerous grounds.**

Plaintiff's Response fails to save Count IV of the FAC, asserting defamation *per se*, of its fatal flaws. The elements of defamation are "(1) publication of a false statement of fact to a third party, (2) the statement must concern the plaintiff and be defamatory, (3) the publication must be made with the requisite degree of fault, and (4) the publication must cause damage." *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 743 (5th Cir. 2019) (citations omitted). "Damages must be shown unless the statements are defamatory *per se* such that damages are presumed." *Id.* "A private individual need only prove negligence[.]" *Id.* at 744.

"Dismissal under Rule 12(b)(6) may be appropriate based on a successful affirmative defense, provided that the affirmative defense appears on the face of the complaint." *Basic Capital Mgmt., Inc. v. Dynex Capital, Inc.*, 976 F.3d 585, 588 (5th Cir. 2020) (cleaned up). As discussed in section A, *supra*, "[j]udicially noticed facts may also be considered in ruling on a motion to dismiss." *Id.*

First, truth is an absolute defense to a defamation claim. *See Warren v. Federal Nat'l Mortg. Ass'n*, 932 F.3d 378, 383 (5th Cir. 2019) (citing *Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d 640, 646 (Tex. 1995)). The crux of Plaintiff's defamation claim is that the following statement from the FirstAdvanatge report is defamatory: "decker randy is currently a registered sex offender in the state of az – sex offender registry." *See* FAC, at Ex. C. The statement is true and Plaintiff does not dispute its truth. Rather, Plaintiff's Response asserts that a different statement he contrived is defamatory: "that [Plaintiff] was properly, currently, and legally reportable as a registered sex offender[.]" Resp. at 9. The alleged defamatory statement in the FirstAdvantage report, as the judicially noticeable records demonstrate, is true: Plaintiff Randy Decker "is currently a registered sex offender in the state of az – sex offender registry." *See* Section II.A, *supra*.

Plaintiff's "gist or meaning conveyed" theory does not save his defamation *per se* claim because he fails to point to "additional, affirmative evidence *within the publication itself* that suggests the defendant intends or endorses the defamatory inference." *Dallas Morning News, Inc. v. Tatum*, 544 S.W.3d 614, 635 (Tex. 2018) (emphasis added). Because the statement on the FirstAdvantage report is true, and truth appears on the face of the FAC in light of judicially noticeable facts, Plaintiff cannot establish that Chipton-Ross defamed him.

In addition, the Response does not address the FAC's failure to allege publication by Chipton-Ross. The FAC obliquely states that "Defendants . . . furnished information to Boeing and/or intermediaries" and "Defendants published to third parties false statements and/or implications that Plaintiff is currently a registered sex offender in Arizona." FAC ¶¶ 14 & 38. Publication to third parties is an element of a defamation per se claim. *Walker*, 938 F.3d at 743. The Response does not address this deficiency in the slightest, leaving the Court to guess which Defendant allegedly did what. That is improper. *See Bell Atlantic Corpt. v. Twombly,* 550 U.S. 544, 570 (2007).

Further, the FAC fails to refute that the common interest "affirmative defense appears on the face of the complaint." *Basic Capital Mgmt., Inc.*, 976 F.3d at 588. As set forth in the Motion, assuming for the sake of argument that Chipton-Ross, a staffing agency, shared the allegedly defamatory statement with Boeing, Boeing and Chipton-Ross share a common interest in the information because Boeing was an employer evaluating Plaintiff's fitness for employment and is "entitled to know that information" to the extent Chipton-Ross was in possession of same. *Steinhaus v. Beachside Env't, LLC*, 590 S.W.3d 672, 677 (Tex. App.—Houston [14th Dist. 2019, pet. denied); *see* FAC at ¶ 11, 14, & 20; Mot. at 18-19.

Lastly, Plaintiff's Response does not address that Count V alleges negligence unrelated to Chipton-Ross's alleged publication of a defamatory statement. *See* Mot. at 20. Because a prima facie case of defamation *per se* requires allegations that the *alleged publication was negligent*, *Walker*, 938 F.3d at 744, this pleading deficiency is fatal.

### E. Plaintiff's tortious interference claim remains "conclusory," "bare," and "insufficient to allege" tortious interference.

Plaintiff's Response does not address Count V, the tortious interference claim, at all. The following elements comprise a tortious interference claim: "(1) a reasonable probability that the parties would have entered into a contractual relationship; (2) an independently tortious or unlawful act by the defendant that prevented the relationship from occurring; (3) the defendant acted with a conscious desire to prevent the relationship from occurring, or it knew that the interference was certain or substantially certain to occur as a result of his conduct; and (4) the plaintiff suffered actual harm or damage as a result of the defendant's interference." *Ewbank v. ChoicePoint, Inc.*, 551 F. Supp. 2d 563, 567 (N.D. Tex. 2008) (citing *RAJ Partners, Ltd. v. Darco Construction Corp.,* 217 S.W.3d 638, 649 n. 10 (Tex. App.-Amarillo 2006, no pet.)).

The FAC does not allege that Chipton-Ross "acted with the conscious desire to prevent" Plaintiff from working at Boeing or "knew" with "substantial certain[ty]" that Boeing would not hire Plaintiff. *See* FAC ¶ 42-43. Plaintiff's Response fails to address this pleading deficiency. Instead, as set forth in the Motion, the FAC made only cosmetic amendments to the previously dismissed tortious interference claim. *See* Mot. at 20. Because Plaintiff failed to substantively amend a claim that was already dismissed, *see* R. & R. [Dkt. 27], the Court should dismiss Count V as insufficiently pled.

8

**F.  Plaintiff's request for leave to amend should be denied as futile.**

Plaintiff asks this Court for leave to amend in lieu of dismissal.  Resp. at 11.  He asserts that he can "clarify the statutory basis for each Defendant's liability, the report versions at issue, the dates and recipients of the disputed reporting, the dispute communications, the certified court records supplied, the adverse action sequence, the Boeing-related damages, and the continuing harm."  Resp. at 11. But Plaintiff already had an opportunity to do so and failed.

Leave to amend is "futile" when "the amended complaint would fail to state a claim upon which relief could be granted."  *Stripling v. Jordan Production Co.*, 234 F.3d 863, 873 (5th Cir. 2000).  Here, as demonstrated above, Counts 1 & 2 do not apply to Chipton-Ross; Count III lacks any causal connection to Plaintiff's harm because no action or inaction by Chipton-Ross under section 1681b(b)(3) of the FCRA would have resulted in Plaintiff being employed at Boeing; Count IV is fatally implausible because the FAC demonstrates numerous affirmative defenses to defamation on its face in light of judicially-noticeable facts; and Count V, which had already been dismissed, again fails to allege the intent or knowledge element of tortious interference.

Thus, any amendments would be futile and leave to amend should be denied.

### III.   CONCLUSION

For these reasons, the Court should GRANT Chipton-Ross's Motion and dismiss all claims against Chipton-Ross with prejudice and without leave to amend.

9

Dated: June 29, 2026

Respectfully submitted,

/s/ Michael A. McCabe
**Michael A. McCabe**
Texas State Bar No. 24007628
mmccabe@munckwilson.com
**MUNCK WILSON MANDALA, LLP**
2000 McKinney Avenue, Suite 1900
Dallas, Texas 75201
Telephone: 972-628-3600
Telecopier: 972-628-3616

**COUNSEL FOR DEFENDANT
CHIPTON-ROSS, INC.**

## CERTIFICATE OF SERVICE

I certify that, on June 29, 2026, a true and correct copy of the foregoing document was served on the *pro se* Plaintiff and all counsel of record via the court's ECF e-filing system.

/s/ Michael A. McCabe
Michael A. McCabe

10